LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
HETEH HOLDINGS PTE., LTD.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HETEH HOLDINGS PTE. LTD.,                    ECF CASE

                    Plaintiff,
  - against -                                                          08 Civ.       (   )

SALBOOKH TRADING CO. K.S.C.C.,

                    Defendant.
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff HETEH HOLDINGS PTE. LTD. ("HETEH"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, SALBOOKH TRADING CO. K.S.C.C. ("SALBOOKH"), alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2.     At all material times, plaintiff HETEH was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of

business in Singapore and was and is the owner of the M/V GINGKO ("the Vessel").

3. Upon information and belief, at all material times, defendant SALBOOKH was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Industrial Area, Plot #2, Block #84, 13020 Safat, Kuwait, and was the charterer of the Vessel.

4. By a time charter dated January 22, 2008 (the "Charter Party"), defendant SALBOOKH chartered the Vessel from plaintiff HETEH for a period of about three (3) months plus or minus fifteen (15) days in charterer's option.

5. On or about February 5, 2008, plaintiff HETEH ordered the Vessel to sail towards the delivery point named in the Charter Party.

6. Under the Charter Party, defendant SALBOOKH was required to pay plaintiff HETEH, hire payments at the rate of $46,169 per day, every 15 days, less a commission of 7.5%.

7. On or about February 9, 2008, defendant wrongfully, and in breach of the Charter Party, cancelled and repudiated the Charter Party without lawful reason. Plaintiff HETEH reasonably covered and mitigated its damages by chartering two substitute voyages with third-parties.

8. Defendant SALBOOKH has failed to pay the hire payments due and owing to plaintiff HETEH, with damages amounting to approximately $802,094.43, as nearly as now can be calculated.

9. Due to defendant SALBOOKH's wrongful cancellation and repudiation of the Charter Party, plaintiff HETEH was required to re-charter the Vessel to a third-party for forty (40) days at the rate of $22,818.58 per day with a 5% commission, which

resulted in a net loss of $795,509.80. HETEH also was required to re-charter the Vessel to another third-party for the forty-five (45) remaining days at the rate of $44,800 per day with a 5% commission, which resulted in a net loss of $6,584.63.

10. Pursuant to Clause 75 of the Charter Party, disputes between plaintiff HETEH and defendant SALBOOKH are subject to English law and Hong Kong arbitration.

11. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

12. Under English law, plaintiff would expect a Hong Kong arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 7.5%. Plaintiff has therefore calculated interest on the sums set forth in paragraph ¶ 8 of the Verified Complaint herein based on that interest rate for a period of two years.

13. Under English law, plaintiff would also expect a Hong Kong arbitration tribunal to award the legal costs of arbitration against defendant. These legal costs would include plaintiff's Hong Kong solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

14. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, SALBOOKH has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant SALBOOKH.

resulted in a net loss of $795,509.80. HETEH also was required to re-charter the Vessel to another third-party for the forty-five (45) remaining days at the rate of $44,800 per day with a 5% commission, which resulted in a net loss of $6,584.63.

10. Pursuant to Clause 75 of the Charter Party, disputes between plaintiff HETEH and defendant SALBOOKH are subject to English law and Hong Kong arbitration.

11. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

12. Under English law, plaintiff would expect a Hong Kong arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 7.5%. Plaintiff has therefore calculated interest on the sums set forth in paragraph ¶ 8 of the Verified Complaint herein based on that interest rate for a period of two years.

13. Under English law, plaintiff would also expect a Hong Kong arbitration tribunal to award the legal costs of arbitration against defendant. These legal costs would include plaintiff's Hong Kong solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

14. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, SALBOOKH has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant SALBOOKH.

15. Plaintiff HETEH hereby demands:

    (a) Payment of $802,094.43 as security for the past due hire payment(s) due and owing to plaintiff under the Charter Party;

    (b) Payment of $194,344.97 as security to cover interest on the amount in paragraph (a) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

    (c) Payment of $100,000.00 as security to cover the legal costs in connection with the Hong Kong arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total $1,096,439.40**

WHEREFORE, plaintiff HETEH HOLDINGS PTE. LTD., prays that:

a.    process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b.    since Defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property in this District or

claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $1,096,439.40 to secure plaintiff HETEH's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

  c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

  d. judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any Hong Kong arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

  e. plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: March 26, 2008

            LYONS & FLOOD, LLP
            Attorneys for plaintiff
            HETEH HOLDINGS PTE. LTD.

By: _____
            Kirk M. Lyons (KL-1568)
            65 West 36th Street, 7th Floor
            New York, New York 10018
            (212) 594-2400

U:\kmhldocs\2600034\Legal\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff HETEH HOLDINGS PTE. LTD., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff HETEH HOLDINGS PTE., LTD., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   March 26, 2008

_____
Kirk M. Lyons

U:\kmhldocs\2600034\Legal\Verified Complaint (2).doc